**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abraham Barrera Moreno, | No. CV-12-1555-PHX-PGR (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Abraham Barrera Moreno's Motion to Appoint Counsel, filed on October 1, 2012. (Doc. 9) In their Response, Respondents take no position regarding Petitioner's Motion. (Doc. 11) A reply was neither filed nor warranted.

**I. Background**

On July 19, 2012, Plaintiff filed a *pro se* Petition for a Writ of Habeas Corpus. (Doc.1) Petitioner was convicted upon a plea of guilty to second degree murder pursuant to a plea agreement and sentenced to 22 years in the Arizona Department of Corrections. (Doc. 4) According to records available on-line, Petitioner's sentence will expire in 2028. (*Id.*, at 1 n. 1) In his Petition, Petitioner raises two grounds for relief: 1) ineffective assistance of trial counsel, and 2) ineffective assistance of his post-conviction counsel, both in violation of his Sixth Amendment rights. Respondents were served with the Petition on September 24, 2012. (Docs. 5 and 6) The Court granted Petitioner's Application to Proceed *In Forma Pauperis*, doc. 2, on October 22, 2012. (Doc. 10)

1  On October 1, 2012, Petitioner filed the pending Motion to Appoint Counsel. (Doc.
2  9) Citing *Haines v. Kerner*, 404 U.S. 519 (1972), Petitioner essentially requests his *pro se*
3  Petition and other filings be held to less stringent standards than formal pleadings drafted by
4  lawyers. (*Id*. at 1-2) In his motion, Petitioner contends he has a "severe mental illness" and
5  lacks an education which prevent him from properly presenting his case in the District Court
6  of Arizona. (*Id*. at 2) Petitioner claims a denial of appointed counsel "would be prejudicial"
7  and "seriously put in jeopardy" his "rights to due process." (*Id*.)

8  On October 23, 2012, the Court ordered Respondents to file a response to Plaintiff's
9  motion. (Doc. 11) Respondents filed their Answer to Petition for Writ of Habeas Corpus on
10 October 31, 2012, doc. 12, and Response to Plaintiff's Motion for Appointment of Counsel
11 on November 1, 2012, doc. 13, respectively. While they take no position on Petitioner's
12 request for appointment of counsel, Respondents note Petitioner has not provided the Court
13 any current evidence of his mental health issues in support of his request for appointed
14 counsel. (Doc. 13 at 2) Respondents additionally state that there is no indication in
15 Petitioner's habeas petition that he is unable to understand the court proceedings or
16 procedures. (*Id.*)

17 **II. Right to Counsel**

18 **A. Criminal Cases**

19 In 1963, the United States Supreme Court held that the States were required by the
20 Due Process Clause of the Fourteenth Amendment to furnish counsel to all indigent
21 defendants charged with felonies. *Gideon v. Wainwright*, 372 U.S. 335 (1963). Sixteen years
22 later, in *Scott v. Illinois*, 440 U.S. 367 (1979), the Supreme Court expanded the Sixth
23 Amendment right to counsel, prohibiting the incarceration of any indigent defendant who
24 is not offered appointed counsel, but only in those criminal cases in which a sentence of
25 imprisonment is actually imposed. *Id*., 440 U.S. at 373 (actual imprisonment is "the line
26 defining the constitutional right to appointment of counsel"). More recently, counsel may
27 be appointed to indigent defendants charged with misdemeanors pursuant to Federal Rule
28 of Criminal Procedure 44(a). *See United States v. Downin*, 884 F.Supp. 1474 (E.D. Cal.

1  1995).

2  **B. Civil Cases**

3  Generally, "[t]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted); *see also United States v. Griggs*, 2008 WL 4810778, at *1 (D. Ariz. Nov. 5, 2008) (discussing appointment of counsel for indigent litigants in civil contempt and other proceedings) (citations omitted). "However, a court may appoint counsel for indigent civil litigants under exceptional circumstances." *Ming Ching Jin v. Forgia*, 362 Fed.Appx. 649, 650 (9th Cir. 2010). Because there is no constitutional right to appointed counsel in a civil case, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"It is well settled that habeas corpus is a civil proceeding." *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 269 (1978) (citations omitted). "[T]he Federal Rules of Civil Procedure apply in habeas proceedings only 'to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions.'" *Id.* (quoting current Rule 81(a)(4), Fed.R.Civ.P.). As with most civil cases, "[t]he Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners." *Salceda v. Salazar*, 2009 WL 2514126, at *1 (S.D. Cal. Aug. 14, 2009) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further")); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (same).

Although no constitutional right exists to do so, there is a statutory basis upon which

counsel may be appointed in a non-capital federal habeas action.[1] District courts may appoint counsel for financially eligible habeas petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B)[2]; *Chaney*, 801 F.2d at 1196. "Unless an evidentiary hearing is required, the decision to appoint counsel in a 28 U.S.C. § 2254 proceeding is a discretionary matter." *Price v. Cashell*, 2007 WL 837229, at *8 (D. Mont. March 14, 2007) (citing *Terrovona v. Kincheloe,* 852 F.2d 424, 429 (9th Cir. 1988)). "Generally, counsel should only be appointed when the circumstances of the case indicate that such appointment is necessary to prevent a due process violation." *Id.* (citation omitted). If, however, an evidentiary hearing is ordered, appointment of counsel is mandatory. *See, e.g., Johnson v. Henry*, 2009 WL 3424195, at *1 (E.D. Cal. October 23, 2009).

**III. Discussion**

At this early juncture in this habeas action, the Court has not determined that an evidentiary hearing is necessary. Nevertheless, after reviewing his 14-page Petition, Petitioner demonstrated an ability to understand the applicable law, recited his relevant history and legal authority, checked the applicable and inapplicable boxes on the form Petitioner used, and articulated understandably how his prior lawyers' allegedly ineffectively represented him.

---

[1] "In 1988, Congress enacted the legislation now known as § 3599 to govern appointment of counsel in capital cases, thus displacing § 3006A for persons facing execution (but retaining that section for all others)." *Martel v. Clair*, ___ U.S. ___, 132 S.Ct. 1276, 1284-85 (March 5, 2012) (discussing 18 U.S.C. § 3599).

[2] Title 18 U.S.C. § 3006A(a)(2)(B) provides:

(2) Whenever the United States magistrate judge or the court determines that *the interests of justice so require*, representation may be provided for any financially eligible person who— . . .

(B) is seeking relief under section 2241, 2254, or 2255 of title 28.

(emphasis added).

- 4 -

Petitioner's motion is much like the issues and arguments presented in *Lavery v. Singh*, 2011 WL 5975934 (S.D. Cal. November 29, 2011). In *Lavery*, petitioner filed a motion, contemporaneously with his habeas petition, requesting, among other things, the appointment of counsel. Petitioner alleged that he required the assistance of counsel because he "suffers from various mental illnesses and deficiencies and another inmate has had to help him prepare his habeas filings." 2011 WL 5975934, at *1. There, the district court found that petitioner's medical records were, at least, seven years old and petitioner did not submit any evidence that he was currently suffering from a mental illness that prevented him from proceeding without counsel. *Id.* The court ultimately denied petitioner's request for appointment of counsel because petitioner did not "present any relevant or recent evidence of current incompetence . . . ." *Id.* at *4. *Cf. Derritt v. Galaza*, 229 F.3d 1157, 2000 WL 868537, at *1 (9th Cir. 2000) (denying, *inter alia*, Petitioner's request for appointment of counsel because Petitioner's "mere allegation that he suffers from a mental illness is insufficient to toll the limitations period or require an evidentiary hearing. He did not allege what mental disorder he suffered from, whether he suffered from that disorder during the limitations period, or how the disorder would have rendered him incompetent to file a timely habeas petition.").

Petitioner attached to his Petition an Arizona Rule 11[3] mental health evaluation, dated January 3, 2007, ordered by a Yuma County Superior Court judge, in which the examiner concluded Petitioner was "not competent to stand trial [because] he is still too psychotic to rationally and meaningfully assist his attorney in his own defense." (Doc. 9, Exh. A at 13) This evaluation, however, is more than six years old and, most likely, there are other mental health reports closer in time to his guilty plea, finding Petitioner competent to proceed, which have not been provided to the Court as this early stage of this case. Moreover,

---

[3] Arizona Rule of Criminal Procedure 11.3(a) authorizes a trial court to order a pretrial mental health evaluation only "[i]f the court determines that reasonable grounds for an examination exist. . . ." *See State of Arizona v. Moody*, 208 Ariz. 424, 442-43, 94 P.3d 1119, 1137-38 (Ariz. 2004) (citations omitted).

- 5 -

Petitioner has offered no evidence that he is *currently* suffering from a severe mental illness that prevents him from understanding the pending court proceedings.

**IV. Conclusion**

Petitioner has not established that the interests of justice at this time require the appointment of counsel. Whether he requested it or not, his *pro se* Petition and future filings will not be held to the higher standard expected of lawyers and will "be construed so as to do justice." *See* Rule 8(e), Fed.R.Civ.P. Even as lawyers must, *pro se* Petitioner, however, must become familiar, and comply, with the Rules of Civil Procedure and the Rules of Practice for the District Court for the District of Arizona ("Local Rules"). *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). There is no reason at this time to believe Petitioner cannot do so. Therefore, the Court will deny Petitioner's motion without prejudice and will revisit the issue if the need to so arises or a hearing is required.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Appoint to Counsel, doc. 9, is **DENIED** without prejudice.

Dated this 31st day of January, 2013.

Lawrence O. Anderson
United States Magistrate Judge