IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abraham Barrera Moreno,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-12-1555-PHX-PGR (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, challenging his conviction in the Yuma County Superior Court, State of Arizona, Case No. S1400 CR200600996. (Doc. 1) Respondents have filed an Answer to Petition for Writ of Habeas Corpus (the "Answer"), but Petitioner has not filed a reply. (Doc. 12)  As explained below, this undersigned Magistrate Judge recommends the Petition be denied as untimely.

**I. Background**

**A. Competency Proceedings, Plea Agreement and Sentencing**

On August 16, 2006, a Yuma County grand jury indicted Petitioner on one count of First Degree Murder, a class one felony (Count One), and four counts of Aggravated Assault, class three felonies (Counts Two through Five). (Doc. 12, Exhibit ("Exh.") A) Soon thereafter, on September 11, 2006, Petitioner's appointed counsel moved for a mental health evaluation of Petitioner pursuant to Rule 11 of the Arizona Rules of Criminal Procedure. (*Id.*,

1  Exh. B, C) The trial court granted the motion and ordered a screening evaluation. (*Id.*, Exh.
2  F) After the initial evaluation was completed, Petitioner's counsel moved for additional,
3  more comprehensive evaluations, which the trial court granted. (*Id.*, Exhs. L, M and N) At
4  a status hearing on May 29, 2007, the trial court, after considering the reports of the two
5  doctors appointed to examine Petitioner, found Petitioner was not competent to stand trial.
6  (*Id.*, Exhs. Q, R) The trial court further found there was a reasonable likelihood Petitioner
7  could be restored to competency. (*Id.*)  As a result, the trial court ordered Petitioner sent to
8  the Arizona State Hospital for restoration of competency. (*Id.*)

9  After several months of treatment, evaluations and competency hearings, the trial
10  court held a status hearing regarding Petitioner's competency on February 14, 2008. (Doc.
11  12, Exhs. S-X)  After the hearing, the trial court issued an Order Re: Competency finding
12  that, based on the competency reports submitted and expert testimony regarding Petitioner's
13  mental health status, Petitioner's competency had been restored and he was competent to
14  stand trial. (*Id.*, Exhs. X, Y)

15  On March 13, 2008, Petitioner entered a plea agreement, in which he pled guilty to
16  amended Count One, Second Degree Murder, a class one dangerous felony. (Doc. 12, Exhs.
17  Z, AA and EE)  On July 8, 2008, the trial court[1] sentenced Petitioner to an aggravated term
18  of twenty-two years in prison. (*Id.*, Exhs. DD, II)

19  **B. State Post-Conviction Proceedings**[2]

20  On September 12, 2008, Petitioner filed a Notice of Post-Conviction Relief. (Doc. 12,
21  Exh. JJ) On July 2, 2010, Petitioner's appointed counsel filed a Notice of No Colorable
22  Claims in which she stated that, after reviewing the file in its entirety, researching potential
23  legal issues, and discussing the matter with Petitioner and his previous attorney, she could
24  find no colorable claim to raise in a post-conviction petition. (*Id.*, Exh. KK) Pursuant to

---

[1] The Honorable Andrew W. Gould presided over Petitioner's change of plea and sentencing hearings.

[2] Under Arizona law, by pleading guilty, Petitioner waived his right to a direct appeal. *See* A.R.S. § 13-4033(B).

- 2 -

counsel's request, the trial court then granted Petitioner approximately forty-five days to file a *pro se* post-conviction petition. (*Id.*, Exh. LL) When Petitioner failed to file a *pro se* petition, the trial court dismissed the Notice of Post-Conviction Relief in an order issued on September 14, 2010. (*Id.*, Exh. MM) Petitioner did not seek review in the Arizona Court of Appeals. (Doc. 1 at 3)

### C. Federal Habeas Petition

On July 13, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this District Court.[3] (Doc. 1) Petitioner raises two grounds for relief in the Petition. (Doc. 1 at 6-7) In Ground One, Petitioner alleges ineffective assistance of counsel at the trial level in violation of the Sixth Amendment. Petitioner claims his attorney disregarded his severe mental illness and coerced him into accepting the plea agreement. In Ground Two, Petitioner alleges ineffective assistance of counsel during his of-right post-conviction proceedings. Petitioner claims his post-conviction counsel failed to raise ineffective assistance of his trial level counsel and instead filed a notice of no colorable claims. On October 31, 2012, Respondents filed their Answer. (Doc. 12) As noted above, Petitioner has not file a reply.

### D. Factual Summary

The following factual summary is taken from the Presentence Report prepared by the Yuma County Adult Probation Department:

> Investigation revealed that on July 16, 2006, deputies were dispatched to Curry Farms in Dateland, Arizona, regarding a shooting. They found victim Victor Guillermo Arias in the cafeteria lying on the floor under a picnic table in a puddle of blood. He did not appear to be breathing or moving and medics examined the victim and contacted a doctor at Yuma Regional Medical Center (YMRC), who pronounced the victim deceased. While marking the scene, a subject approached who was later identified as juvenile O.A. O.A. was detained for further investigation. A short time later, Martin Arias (the deceased's brother) and his son, Martine Arias Jr., arrived on the scene after being contacted by the Curry Farms foreman. The foreman also arrived on scene and reported a farm truck (2001 Ford F250) missing.

---

[3] The docket reflects the Petition was actually filed on July 19, 2012. (Doc. 1) The July 13, 2012 filing date is the date Petitioner signed the Petition, doc. 1 at 11, and reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).

1  Meanwhile at YRMC, deputies interviewed two of the shooting victims, Jorge and Israel Arias, who provided suspect information. They described a Hispanic male using the alias of Mariano Lopez, aka "Chinaloa," who was later identified as the defendant. Jorge Arias explained that he and his relatives, O.A., Israel Arias, Victor Guillermo Arias (deceased), and Juan Lozano were living at Curry Farms where they worked. That night they all arrived back at the farm and sat down to eat in the cafeteria. The defendant (a coworker) arrived shortly thereafter and was soaking wet. They asked the defendant why he was wet, to which the defendant replied, "you all should know." The defendant walked out the door, returned, pulled a handgun from the back of his pants, and started to shoot at them. The defendant first shot Victor Guillermo Arias in the body as he sat in the chair and then shot Israel Arias in the left leg as he attempted to get up from the table. He himself (Jorge Arias) was then shot in the left shoulder by the defendant as he also got up from the table. Israel and Jorge Arias dropped to the ground and pretended to be dead in order to keep the defendant from shooting at them again. The defendant left and attempted to take the truck. Jorge Arias and Israel Arias ran out of the cafeteria and ran down a dirt road to an irrigator, who drove them to a rest stop for help. Israel Arias gave the same story.

(Doc. 12, Exh. CC)[4]  Petitioner was subsequently arrested on August 5, 2006 in El Mirage, Arizona. (*Id.*)

**II. Discussion**

Respondents argue the Petition should be dismissed as time-barred because it was not filed within the applicable statute of limitations. Alternatively, Respondents contend Ground One is procedurally defaulted and fails on the merits. Respondents further argue Ground Two is not a cognizable claim in a federal habeas corpus proceeding. Because the information presented clearly establishes the Petition was filed after the limitations period expired, the undersigned Magistrate Judge finds the Petition is barred and recommends it be denied on that basis. It is, therefore, unnecessary to address Respondents' alternative arguments.

**A. Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"[5]) imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.

---

[4] The Presentence Report contains additional witness statements which need not be included here.

[5] The AEDPA, which was signed into law on April 24, 1996, governs federal habeas petitions filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997).

- 4 -

1 *See* 28 U.S.C. § 2244(d)(1). The statute provides:

2
3
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

4
5
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

6
7
8
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

9
10
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

11
12
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

13 An "of-right" petition for post-conviction review under Arizona Rule of Criminal
14 Procedure 32, which is available to criminal defendants who plead guilty, is a form of
15 "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481
16 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the
17 conclusion of the Rule 32 of-right proceeding and review of that proceeding or upon the
18 expiration of the time for seeking such proceeding or review. *Id.*

19 Additionally, "[t]he time during which a properly filed application for State post-
20 conviction or other collateral review with respect to the pertinent judgment or claim is
21 pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *Lott v.*
22 *Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains
23 "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final
24 resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214,
25 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state
26 court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921,
27 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-
28 conviction relief is filed even though the petition itself may not be filed until later. *Isley v.*

1 *Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in dismissing his petition as untimely.").

The AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418) (internal quotation marks omitted).

**B. Analysis**

**1. Limitations Period**

Here, after Petitioner was sentenced on July 8, 2008, he filed a timely Notice of Post-Conviction Relief on September 12, 2008. *See* Ariz.R.Crim.P. 32.4(a) (providing that a petitioner has ninety days from the entry of judgment and sentence to file an "of-right" petition for post-conviction relief). The trial court dismissed the Notice of Post-Conviction Relief more than two years later on September 14, 2010. Petitioner then had thirty days to seek review of the trial court's decision, which he failed to do. *See* Ariz.R.Crim.P. 32.9(c) (providing that a petitioner has thirty days from the trial court's decision to file a petition for review). Thus, the judgment of conviction became final, and the limitations period began to run, on October 15, 2010, the day after the thirty-day period for seeking review expired. *See Summers*, 481 F.3d at 711 (holding that a judgment of conviction pursuant to a guilty plea becomes "final" for purposes of § 2244(d)(1)(A) upon the conclusion of a Rule 32 of-right proceeding and review of that proceeding or upon the expiration of the time for seeking such proceeding or review). The limitations period ran uninterrupted until it expired one year later on October 17, 2011.[6] Petitioner filed his habeas petition on July 13, 2012, nearly nine months after the limitations period expired. The Petition is, therefore, untimely.

---

[6] Because October 15, 2011 was a Saturday, the limitations period extended to the following Monday. *See* Rule 6(a)(1)(C), Fed.R.Civ.P.

1    In the section of the Petition that directs Petitioner to explain why the statute of
2 limitations does not bar the Petition, Petitioner cites a recent United States Supreme Court
3 case, *Martinez v. Ryan*, claiming it authorizes him to raise ineffective assistance in an initial
4 collateral review proceeding. (Doc. 1 at 11) The case to which Petitioner is referring,
5 *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial, if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. Thus, *Martinez* involved a procedural default defense and addressed the issue whether "[i]nadequate assistance of counsel at initial collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. The *Martinez* case does not address the statute of limitations. Petitioner's citation to *Martinez* as an explanation for the Petition's untimeliness is misplaced.

In that same section of the Petition, Petitioner cites §§ 2244(d)(1)(C) and (D), suggesting that he is claiming the limitations period did not begin to run from the date on which the judgment became final, but rather when the Supreme Court identified a newly recognized constitutional right, or when the factual predicate of his claims could have been discovered. (Doc. 1 at 11) If he is claiming *Martinez* identifies a newly recognized constitutional right under § 2244(d)(1)(C) that affects the limitations period, Petitioner presents no argument or support for such a claim. He also fails to present any argument or support for the application of § 2244(d)(1)(D). The undersigned Magistrate Judge finds no basis to change its determination, as set forth above, that the limitations period began to run on the date the judgment became final.

**2. Equitable Tolling**

As referenced above, the limitations period set forth in § 2244(d) is subject to equitable tolling where a petitioner shows he has been pursuing his rights diligently and that extraordinary circumstances prevented him from filing a timely petition. *Holland*, 130 S.Ct. at 2562. Equitable tolling is applied sparingly, as reflected by the "extraordinary

circumstances" requirement. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A *pro se* petitioner's ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (in the 28 U.S.C. § 2255 context, rejecting movant/prisoner's attempt to justify his lack of diligence on his *pro se* status and lack of legal sophistication and stating: "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Waldron-Ramsey*, 556 F.3d at 1013 n. 4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"), *cert. denied*, 558 U.S. 897 (2009). A petitioner seeking equitable tolling bears the burden of demonstrating it is warranted in his habeas case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter alia*, *Holland*, 130 S.Ct. at 2562).

Here, Petitioner fails to explicitly request equitable tolling in the Petition. Even after Respondents addressed the issue in their Answer, Petitioner failed to submit a reply. In the section of the Petition that provides a place to explain why the statute of limitations does not bar the Petition, however, Petitioner raises two issues that the undersigned Magistrate Judge construes as requests for equitable tolling.

Petitioner first claims he was delayed from filing the Petition until the "protective custody yard supplied Spanish/English legal information." (Doc. 1 at 11)  Petitioner, however, says nothing more about that issue, including when the yard first provided legal

1  information in a language he could understand. Petitioner has, therefore, failed to show this
2  alleged delay provides a basis to apply equitable tolling.

3  Petitioner next contends he "was able to receive his psychiatric medications" in
4  August 2011. (Doc. 1 at 11)  Petitioner appears to be arguing he could not have filed his
5  habeas petition before receiving his psychiatric medication. He fails to explain, however,
6  why he waited nearly a year after receiving his medication to file his habeas petition. If what
7  he claims is true, Petitioner still had two months after receiving his medication, until October
8  17, 2011, to file his habeas petition before the limitations period expired. Petitioner has,
9  therefore, failed to show that the delay in receiving his medication provides a basis to apply
10 equitable tolling.

11 The undersigned Magistrate Judge finds Petitioner has failed to show that
12 extraordinary circumstances stood in his way and prevented him from filing a timely petition.
13 For these reasons, Petitioner is not entitled to equitable tolling of the limitations period.

14 **C. Conclusion**

15 For the foregoing reasons, this Magistrate Judge finds Petitioner filed the Petition after
16 the limitations period expired, and the circumstances do not support the application of
17 equitable tolling. Consequently, the Petition is barred by the AEDPA's statute of limitations.
18 Based on the foregoing,

19 **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus, pursuant to
20 28 U.S.C. § 2254, doc. 1, be **DENIED**;

21 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
22 to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is
23 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
24 debatable.

25 This recommendation is not an order that is immediately appealable to the Ninth
26 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
27 Appellate Procedure, must not be filed until entry of the District Court's judgment. The
28 parties have 14 days from the date of service of a copy of this recommendation within which

1  to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P.
2  6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the
3  objections. Failure to timely file objections to the Magistrate Judge's Report and
4  Recommendation may result in the acceptance of the Report and Recommendation by the
5  district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
6  (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
7  undersigned Magistrate Judge will be considered a waiver of a party's right to appellate
8  review of the findings of fact in an order of judgement entered pursuant to the Magistrate
9  Judge's recommendation. *See* Fed.R.Civ.P. 72.

DATED this 5th day of August, 2013.

Lawrence O. Anderson
United States Magistrate Judge