**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Abraham Barrera Moreno,

   Petitioner,

  vs.

Charles L. Ryan, et al.,

   Respondents.

No. CV-12-01555-PHX-PGR (LOA)

ORDER

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Anderson notwithstanding that no party has filed any objections to the Report and Recommendation, the Court concludes that the Magistrate Judge correctly determined that the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed as time-barred.

First, the Court agrees with the Magistrate Judge that the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act began to run on October 15, 2010 pursuant to 28 U.S.C. 2244(d)(1)(A), the date his judgment of conviction became final, and that it expired on October 17, 2011, approximately nine months before the petitioner filed this action on July 13, 2012. To the extent that the petitioner argues that the Supreme Court's decision in Martinez v. Ryan, 132 S.Ct.

1309 (2012), issued on March 20, 2012, delayed the start of the limitations period pursuant to either 28 U.S.C. § 2244(d)(1)(C), which concerns newly recognized constitutional rights made retroactive by the Supreme Court, or § 2244(d)(1)(D), which concerns the discovery of the factual predicate of an alleged claim, the Magistrate Judge correctly concluded that <u>Martinez</u> has no applicability to this action as it does not concern the timeliness of a habeas petition.

Second, the Court agrees with the Magistrate Judge that the petitioner is not entitled to equitable tolling of the limitations period because he has not shown the existence of any extraordinary circumstance that would justify such tolling, nor has he shown that any external impediment frustrated the diligent pursuant of his claims.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 15) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the petitioner is denied leave to appeal *in forma pauperis* because the dismissal of the petitioner's habeas petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 2nd day of January, 2014.

Paul G. Rosenblatt
United States District Judge

- 2 -